[Civ. No. 1549. First Appellate District.—September 3, 1915.]

## CLINTON FIREPROOFING COMPANY OF CALIFORNIA, Appellant, v. A. J. GRANFIELD et al., Respondents.

CONTRACTS—MISTAKE—FINDINGS—CREDIBILITY OF WITNESS.—The credibility of a witness is a matter for the consideration of the trial court, and it is held in this action to recover money alleged to have been paid under a mutual mistake of fact that the evidence was sufficient to sustain the findings of the trial court in favor of the defendants.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   John J. Van Nostrand, Judge.

The facts are stated in the opinion of the court.

Bourdette & James, for Appellant.

Sullivan & Sullivan and Theo. J. Roche, and W. A. Breen, for Respondents.

THE COURT.—In this action the plaintiff sought to recover the sum of $804.08, alleged to have been paid to the defendants under a mistake of fact.   The defendants answering denied that the money in suit was paid to the defendants under a mutual mistake or any mistake, and further answering, in that behalf, alleged that the plaintiff paid the money to the defendants pursuant to the terms of an agreement between the plaintiff and the defendants, whereby the terms and conditions of a pre-existing written agreement between the plaintiff and the defendants were modified.

Upon the issues thus joined the trial court found in favor of the defendants.   The only point urged upon the appeal is that the evidence is not sufficient to support the findings, the contention in this particular being that the evidence does not show that the terms of the original contract were modified by either or both of the methods prescribed by section 1698 of the Civil Code for the modification of written contracts, viz., (1) by an instrument in writing; (2) by an executed oral agreement.

The evidence upon this phase of the case is largely confined to the testimony of a witness for the defendants that a memorandum in writing, modifying the original contract in the manner and to the extent stated in the assailed findings was made, signed, and delivered to the defendants by an agent of the plaintiff.   This witness, in explanation of the fact that the modifying memorandum was not produced in evidence, testified that he returned it to the plaintiff upon request when the sum called for therein was paid.   This evidence, if believed by the trial court—as apparently it was—was sufficient to support the finding in question.

The same witness testified very positively that the money in suit was paid to the defendants by an agent of the plaintiff

knowingly and willingly as an inducement to the defendants to complete certain work which had been contracted for under the pre-existing agreement. The testimony of this witness was to the effect that the money was not paid as the result of a mutual or any mistake, and, accepting such testimony as the truth, the trial court was justified in making its findings in favor of the defendants upon the issue of mistake. The credibility of this witness was a matter for the consideration of that court, and will not be discussed or considered here. The fact that the agent of the plaintiff flatly contradicted the testimony of this witness did no more than raise a conflict in the evidence, which of course cannot be availed of upon appeal to overthrow the findings of the lower court.

The judgment appealed from is affirmed.